**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CARL FANARO,**

    **Petitioner,**

                                    **CASE NO. 2:10-CV-1002
                                    Judge Frost**

    **v.**                                  **Magistrate Judge King**

**FRANCISCO PINEDA, WARDEN,**

    **Respondent.**

**OPINION AND ORDER**

Petitioner was convicted following a jury trial in Licking County of 99 felony counts in connection with the sales of securities and was sentenced to a total aggregate sentence of 19 years in prison. *State v. Fanaro*, No. 2006CA00168, 2008 WL 555448, at *1 (Ohio App. 5th Dist. Feb. 21, 2008). Had Petitioner accepted the State's plea offer, he would have pled guilty to two counts for each victim, in exchange for which he would be sentenced to a term of imprisonment of four years plus restitution. *See id.* In this habeas corpus action instituted under the provisions of 28 U.S.C. § 2254, Petitioner asserts the following claims:  1) he was denied the effective assistance of counsel because his attorney rejected the State's plea offer to a four year term of incarceration without first consulting with Petitioner regarding the evidence against him or the benefits and risks of accepting or rejecting the guilty plea offer; 2) he was denied the effective assistance of counsel because his attorney rejected the State's offer, to plead guilty to two counts in connection with each victim and restitution, without first consulting with Petitioner; 3) he was denied the effective assistance of counsel because his attorney failed to consult with Petitioner regarding the advisability of accepting or rejecting the guilty plea offer in exchange for a sentence of four years; 4) he was denied the

effective assistance of appellate counsel because his attorney failed to provide notice to the Ohio Court of Appeals of the pending decision in *Cabrales*; 5) he was sentenced in violation of the Double Jeopardy Clause and; 6) he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

On February 3, 2012, the Magistrate Judge recommended an evidentiary hearing on Petitioner's claim that he was denied effective assistance of counsel because his attorney failed to advise him on the decision to proceed to trial and the potential sentencing ramifications that he faced following trial. *Report and Recommendation*, Doc. No. 28. The Magistrate Judge also recommended that the remainder of Petitioner's claims of ineffective assistance of trial counsel be dismissed as without merit, and that consideration of habeas corpus claims four through six be deferred pending the evidentiary hearing. *Id.* Both Petitioner and Respondent have filed objections to that recommendation. *Objection*, Doc. No. 31; *Objection*, Doc. No. 34.

For the reasons that follow, Respondent's objections are **OVERRULED.** Petitioner's objections are **OVERRULED**, in part, and **SUSTAINED**, in part.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** The Magistrate Judge will hold an evidentiary hearing on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to properly advise him on whether or not he should proceed to trial and of the potential sentencing ramifications that he faced should he do so. At the evidentiary hearing, the parties may submit evidence, whether or not that evidence was actually presented to the state courts, in connection with this claim. The remainder of Petitioner's claims of ineffective assistance of counsel are **DISMISSED.** Consideration of habeas corpus claims four through six will be deferred pending the evidentiary hearing.

**Petitioner's Objections:**

Petitioner objects to the Magistrate Judge's recommendation that the Court dismiss his claims of ineffective assistance of counsel based on his attorney's alleged failure to consult with him prior to rejecting the State's plea offers and failure to review discovery or investigate prior to trial. Petitioner argues that these claims are so closely connected to his claim that defense counsel failed to advise him of the strength of the government's case and of his potential sentencing ramifications that they should be considered with that claim at the evidentiary hearing. In support of this argument, Petitioner contends that, because his attorney failed to familiarize himself with the facts of and law governing the case, counsel was unable to advise him to accept the plea offers – *i.e.*, the proper course of action in view of the overwhelming evidence of guilt and lack of any viable defense. In this respect, Petitioner urges the Court to review the trial transcript in its entirety. Petitioner also objects to the Magistrate Judge's denial of his motion to expand the record to include seven boxes of discovery material and to consider the affidavits of Attorneys Thomas F. Hayes and Dwight Hurd.

The Court is not persuaded that all of Petitioner's claims of ineffective assistance of trial counsel are so closely related that they should be considered together at an evidentiary hearing. The record refutes Petitioner's allegation that defense counsel failed to notify him of the State's plea offers prior to Petitioner's rejection of those offers. The record likewise fails to support Petitioner's allegations that he was unable to accept a plea offer or to direct that his attorney do so, or that his attorney acted in a constitutionally unreasonable manner at trial. *See Report and Recommendation*, pp. 14, 26.

However, Petitioner's allegation that his attorney failed to properly advise him regarding the

3

strength of the government's case and the advisability of accepting the plea offers, particularly in view of the likely sentence that he faced, also involves Petitioner's allegation that defense counsel either did not sufficiently review discovery materials or did not understand the applicable law. Nothing in this order will preclude Petitioner from raising these allegations in connection with the claim of ineffective assistance of counsel that will be considered at the evidentiary hearing. *See Lafler v. Cooper*, – U.S. –, 132 S.Ct. 1376, 1386 (2012)(even an error-free trial cannot cure the ineffective assistance of counsel in failing to properly advise a client during the plea negotiations phase).

Petitioner also objects to the Magistrate Judge's conclusion that certain evidence cannot be considered at the anticipated evidentiary hearing because that evidence was not presented to the state courts. This Court sustains Petitioner's objection in this regard. Petitioner represents that he presented seven boxes of discovery to the state courts in post conviction proceedings in support of his claim of ineffective assistance of counsel.[1] The record indicates that Petitioner referred to these materials and provided an index to these documents. Additionally, Petitioner submitted the affidavit of Attorney Thomas F. Hayes. *See Supplemental Memorandum Supporting Return of Writ,* Doc. 10, *Exhibit 24 Part B*. These materials, therefore, may properly be considered by this Court. *See Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012)(quoting *Cullin v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1389 (2011))(Where a claim has been adjudicated on the merits by a state court, federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court).

---

[1] Respondent opposes Petitioner's request to expand the record with this material, arguing that Petitioner failed to make this evidence a part of the state court record. *Respondent's Response to Petitioner's Objections*, Doc. 38, at 17.

Petitioner acknowledges that he did not present the affidavit of Dwight Hurd to the state appellate court; however, he referred to Hurd's involvement in support of his claim, as did trial counsel and Petitioner's wife, in affidavits submitted to the state appellate court. Petitioner represents that he would have presented the testimony of this witness had the state appellate granted his request for an evidentiary hearing. *Petitioner's Objections*, Doc. 34, at 10-11.

Respondent objects to the Magistrate Judge's recommendation that an evidentiary hearing be held and specifically objects to consideration of any of the foregoing materials and evidence at any such evidentiary hearing, arguing that all of Petitioner's claims should be dismissed as without merit or as procedurally defaulted based upon the record before the state appellate court. *See Respondent's Response to Petitioner's Objections*, Doc. 38.

Under the Antiterrorism and Effective Death Penalty Act, a federal habeas court does not function as an alternative forum for resolving those facts and issues that a state criminal defendant failed to properly pursue in state proceedings. *Cullen v. Pinholster*, 131 S.Ct. at 1401. When the merits of a claim have been adjudicated in the state courts, a federal habeas court's review under 28 U.S.C. §2254(d)(1)[2] is "backward-looking," *i.e.*, the federal court must examine the state court's decision at the time it was made and in light of the record then before the state court. *Id.* at 1398. Here, proper resolution of Petitioner's claim of ineffective assistance of counsel based on his

---

[2] 28 U.S.C. 2254(d)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

attorney's allegedly inadequate advice during plea negotiations necessarily requires a credibility determination between competing factual assertions.[3]  However, the state courts failed to hold a hearing at which such a credibility determination could be made.  Instead, the state appellate court rejected Petitioner's claim after discounting Petitioner's affidavit and concluding that Petitioner had failed to "set forth sufficient operative facts to establish substantive grounds for relief, let alone a reasonable probability" that he would have accepted the state's plea offer.  *State v. Fanaro*, No. 2009 CA 00066, 2009 WL 4690421, at *4-5 (Ohio App. 5th Dist. Dec. 4, 209).  In ignoring the factual dispute and in reaching this conclusion, the state court unreasonably applied clearly established law under 28 U.S.C. § 2254(d)(1).  *See Lafler v. Cooper*, 132 S.Ct. at 1376; *Missouri v. Frye*, – U.S. –, 132 S.Ct. 1399 (2012); *Hill v. Lockhart*, 474 U.S. 52 (1985).  Under these circumstances, this Court is not limited, at the evidentiary hearing to be held on Petitioner's claim, to the evidence presented to but not considered by the state court.  *See Conway v. Houk*, 2011 WL 2119373, at *3 (S.D. Ohio May 26, 2011)(if, considering only the evidence before the state court, the state court's decision contravened or unreasonably applied federal law, a federal court may consider additional evidence to determine whether habeas corpus relief should issue)(citing *Skipwith v. McNeil*, No. 09-60361, 2011 WL 1598829, at *5 (S.D. Fla. April 28, 2011); *Hearn v. Ryan, et al.*, No. CV 08-448-PHX-MNM, 2011 WL 1526912, at *2 (D.Ariz. April 21, 2011)). *See also Ballinger v. Prelesnik*, – F.Supp.2d –, 2012 WL 591931, *8 (E.D. Mich. Feb. 23, 2012)(state court

---

[3] In discussing the appropriate remedy in connection with a claim such as that raised by Petitioner, the United States Supreme Court in *Lafler v. Cooper*, – U.S. –, 132 S.Ct. at 1389, recognized the necessity of an evidentiary hearing to determinate whether a defendant can establish that, but for his attorney's inadequate advice, he would have accepted the plea agreement: "[T]he court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between."

unreasonably applied federal law where it was impossible to adjudicate the claim based on the record available); *Washington v. Beard*, 2012 WL 1033526 (E.D. Pa. March 28, 2012)(holding that *Pinholster* authorizes an evidentiary hearing with additional evidence when a state court assumes the truth of a particular allegation). *Cf. Johnson v. Finn*, 665 F.3d 1063, 1068 (9th Cir. 2011)(rule of deference under the AEDPA does not apply where state court's adjudication of claim is "dependent on an antecedent unreasonable application of federal law")(quoting *Panetti v. Quarterman,* 551 U.S. 930, 953 (2007)).

For all these reasons, Petitioner's objections are **DENIED**, in part, and **SUSTAINED,** in part consistent with the foregoing.


**Respondent's Objections:**

Respondent objects to the Magistrate Judge's recommendation that an evidentiary hearing be held. In particular, Respondent disputes the Magistrate Judge's conclusion that the state appellate court's decision contravened or unreasonably applied federal law, as required by 28 U.S.C. 2254(d)(1), because the Supreme Court has never held that a habeas petitioner may rely on his own self-serving affidavit to support the sort of claim asserted in this action. *See also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011)(It was not unreasonable for Ohio court of appeals to determine on direct appeal that subjective statements made by defendant and her attorney at sentencing, standing alone, were insufficient to establish a reasonable probability that defendant would have accepted the plea offer). *Respondent's Objections*, at 18-22. Respondent also objects to the Magistrate Judge's finding that the resolution of Petitioner's claim requires a credibility determination. *Id*. at 25. In any event Respondent argues that *Pinholster* precludes consideration by this Court of any evidence

7

not considered by the state courts. Finally, Respondent objects to the Magistrate Judge's conclusion that neither claim two nor claim five had been procedurally defaulted.

For the reasons discussed in the Court's consideration of Petitioner's objections, Respondent's objections fail to persuade this Court. *Bray v. Andrews*, 640 F.3d at 731, is not analogous to this case. In *Bray*, the petitioner raised her claim of ineffective assistance of counsel on direct appeal rather than in post conviction proceedings. The only evidence before the state courts in support of Bray's claim were statements that Bray and her attorney had made at sentencing. *Id*. at 738. In denying petitioner's claim on this "sparse record," the Sixth Circuit noted that, had Bray pursued her claim in post conviction proceedings, she could have presented additional evidence in support of her claim. *Id*. at 749. Of course, that is precisely the procedure followed by Petitioner, but the state court refused to consider the evidence presented by Petitioner. Moreover, it is undisputed that Petitioner was offered an agreement whereby he would plead guilty to two counts for each victim, in exchange for which he would be sentenced to a term of imprisonment of four years plus restitution. Instead, after proceeding to trial, Petitioner was convicted on 99 counts – 32 fifth degree felonies, 66 third degree felonies, and one first degree felony. The trial court imposed a sentence of nineteen years in prison. This substantial disparity between the sentence contemplated by the plea offer and the sentence actually imposed following trial also lends support to Petitioner's claim that, but for counsel's errors, he would have accepted the state's plea offer. *See Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003).

As to Respondent's objection to the Magistrate Judge's recommendation that claim two be dismissed on the merits rather than as procedurally defaulted, this Court agrees that Petitioner presented the claim to the state courts in post conviction proceedings. That claim was therefore

properly addressed on the merits in federal habeas corpus review.

Respondent also objects to the Magistrate Judge's conclusion that claim five, in which Petitioner challenges his sentence on double jeopardy grounds, was not procedurally defaulted.[4] Respondent had argued, *inter alia*, that Petitioner waived this claim by raising it only in the context of an alleged violation of Ohio's statute on allied offenses of similar import, O.R.C. 2941.25. For the reasons detailed in the Magistrate Judge's *Report and Recommendation,* p.11, this Court agrees that a petitioner may fairly present a federal double jeopardy claim by presenting that claim to the state courts in the context of an alleged violation of Ohio's statute on allied offenses of similar import under O.R.C. § 2941.25. *See Spence v. Sheets*, 675 F. Supp. 2d 792, 824-25 (S.D. Ohio 2009).

Respondent had also argued that Petitioner waived claim five by failing to raise the issue in his direct appeal to the Ohio Supreme Court. Petitioner instead raised this double jeopardy claim in a motion for reconsideration in the Ohio Court of Appeals pursuant to Ohio Appellate Rule 26(A) and presented the claim to the Ohio Supreme Court following the appellate court's denial of his motion. Petitioner also raised the claim in his Ohio Appellate Rule 26(B) proceeding alleging the ineffective assistance of appellate counsel and he again presented that claim to the Ohio Supreme Court following the appellate court's denial of the Rule 26(B) proceeding.

Respondent argues that Petitioner waived his double jeopardy claim by presenting the claim to the Ohio Supreme Court for the first time in an application for reconsideration under Ohio Appellate Rule 26(A). Respondent correctly notes that the ineffective assistance of appellate

---

[4] As noted *supra,* the Magistrate Judge recommended that consideration of this claim, and of certain other claims, be deferred pending resolution of the issue to be addressed at the evidentiary hearing, reasoning that these claims may be rendered moot by the outcome of the evidentiary hearing.

counsel, raised in Petitioner's habeas corpus claim four, cannot serve as cause for the failure to raise a claim in the Ohio Supreme Court, because there is no constitutional right to counsel in those proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)(right to counsel extends to the first appeal of right and no further). However, the only case referred to by Respondent in support of the argument that this claim was not properly raised in the Rule 26(A) proceedings is *Gunner v. Bradshaw*, No. 1:09-cv-1444, 2010 WL 4272620 (N.D. Ohio Oct. 25, 2010). The facts of *Gunner* are not analogous to those presented here. In *Gunner,* the United States District Court for the Northern District of Ohio refused to consider an equal protection claim because the petitioner had failed to fairly present the claim to the state appellate court in his direct appeal, and again failed to present that or any other federal claim in his Rule 26(A) application. The court noted that Gunner's "cursory presentation" of the issue in his motion for reconsideration was not a "procedurally proper vehicle to raise new arguments," which were otherwise barred under Ohio's doctrine of *res judicata*. *See Gunner v. Bradshaw*, No. 1:09-cv-1444, *Report and Recommendation*, Doc. 10, at 11 (N.D. Ohio May 7, 2010).

Here, in contrast, Petitioner argued in his Rule 26(A) application that *State v. Cabrales*, 118 Ohio St.3d 54 (2008),[5] decided after Petitioner's direct appeal and two days after he filed his brief in the Ohio Supreme Court, required reversal of his convictions. *See Exhibit 42 to Return of Writ*. Thus, unlike the petitioner in *Gunner*, Petitioner in this case could not have raised this argument

---

[5] In *State v. Cabrales*, the Ohio Supreme Court certified a conflict between Ohio appellate courts regarding the application of Ohio's law on allied offenses of similar import, holding that its decision in *State v. Rance*, 85 Ohio St.3d 632 (1999), had been misinterpreted in view of the Double Jeopardy Clause. *See Cabrales*, 118 Ohio St.3d at 59 n.2. The Ohio Supreme Court expressly held that a "strict textual comparison" of the elements of offenses was not required to determine if those offenses should be merged for sentencing purposes. *Id.*, syllabus at 4, *abrogating State v. Palmer*, 148 Ohio App.3d 246 (2002).

earlier, nor did he completely fail to raise the issue in his direct appeal. The state appellate court declined to address Petitioner's claim in the Rule 26(A) proceedings, reasoning that it had previously considered the issue on direct appeal based on Ohio law as it existed at the time of Petitioner's appeal. *Exhibit 44* to *Return of Writ*, Doc. No. 12. Rather, the state appellate court advised, Petitioner should raise this claim in a "motion to reopen, alleging that counsel was ineffective for failing to alert this Court to the fact that *Cabrales* was pending before the Ohio Supreme Court." *Id.* That, of course, is precisely what Petitioner did. *Exhibit 36* to *Return of Writ*. The claim was thereafter presented to the Ohio Supreme Court, which dismissed Petitioner's appeal from the appellate court's denial of Petitioner's Rule 26(B) application. *Exhibit 41* to *Return of Writ*. This Court has been unable to locate, nor does the Respondent refer to, any case standing for the proposition that a petitioner waives a claim for federal habeas corpus review under these particular facts. Respondent's objection in this regard is therefore **OVERRULED.**

For all these reasons, Respondent's objections are **OVERRULED.**

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. After careful consideration of the entire record, Petitioner's objections are **OVERRULED**, in part, and **SUSTAINED**. Respondent's objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** The Magistrate Judge will hold an evidentiary hearing on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to properly advise him on whether or not he should proceed to trial and of potential sentencing ramifications he faced should he do so. Because this Court concludes that the state courts unreasonably applied or contravened federal law in rejecting this

claim, Petitioner may present new or additional evidence in support of this claim at the evidentiary hearing.  The remainder of Petitioner's claims of ineffective assistance of counsel are **DISMISSED.** Consideration of habeas corpus claims four through six is deferred pending completion of the evidentiary hearing.

                                               /s/   Gregory L. Frost
                                            GREGORY L. FROST
                                            United States District Judge