```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION

CARL FANARO,

     Respondent,
                                    Case No. 2:10-CV-1002
                                    Judge Frost
                                    Magistrate Judge King


WARDEN, HOCKING
CORRECTIONAL FACILITY,

     Respondent.
```

## OPINION AND ORDER

Petitioner was convicted following a jury trial in Licking County on 99 felony counts in connection with the sales of securities and was sentenced to a total aggregate term of 19 years in prison. *State v. Fanaro*, No. 2006CA00168, 2008 WL 555448, at *1 (Ohio App. 5th Dist. Feb. 21, 2008). Had Petitioner accepted the State's plea offer, he would have pled guilty to two counts for each victim, in exchange for which he would have been subjected to an order of restitution and could have been sentenced to a much short term of imprisonment. *See id.* The Magistrate Judge recommended that an evidentiary hearing be held on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to advise him on the decision to proceed to trial and the potential sentencing ramifications that he faced following trial, that consideration of habeas corpus claims four through six be deferred pending the evidentiary hearing and that the remainder of Petitioner's claims of ineffective assistance of trial counsel be dismissed as without merit. *Report and Recommendation,* Doc. No. 28. On May 21, 2012, this Court adopted and affirmed that recommendation over the objections of both Petitioner and Respondent.

*Opinion and Order,* Doc. No. 40. This matter is now before the Court on Respondent's *Motion for Reconsideration* of that *Opinion and Order* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Doc. No. 46. Petitioner has filed a *Response in Opposition*, Doc. No. 51, and Respondent has filed a *Reply*, Doc. No. 57. For the reasons that follow, Respondent's *Motion for Reconsideration,* Doc. No. 46, is **DENIED.**

Seeking relief from this Court's direction that an evidentiary hearing be held, Respondent invokes Rule 60(b)(1), (6) of the Federal Rules of Civil Procedure.[1] Respondent specifically argues that, in ordering an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel, the Court misconstrued the plea offer(s) extended to Petitioner, erroneously concluded that the state courts improperly made a credibility determination without holding an evidentiary hearing, erroneously concluded that the state courts unreasonably applied federal law because the United States Supreme Court has never held that an evidentiary hearing is required under facts such as those presented in this case, erroneously applied *Lafler v. Cooper*, – U.S. –, 132 S.Ct.1376 (2012), and *Frye v. Missouri*, – U.S. –, 132 S.Ct. 1399 (2012), erroneously invited new evidence at the evidentiary hearing and erroneously failed to specify the particular new evidence – particularly in regard to expert testimony – that will be entertained at the evidentiary hearing.

As an initial matter, the Court notes that Rule 60(b) does not

---

[1] Those provisions of Rule 60 authorize relief from a final judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect;" or (6) any other reason that justifies relief."

offer the relief sought by Respondent. "[B]y its terms, Rule 60(b) applies only to final judgments." *Mallory v. Eyrich,* 922 F.2d 1273, 1277 (6th Cir. 1991). However, courts "'have the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008), quoting *Mallory*, at 1282. *See also Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1 (1943)("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment").

A court may properly reconsider its interlocutory order "'whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Louisville/Jefferson County Metro Government f. Hotels.Com, L.P.,* 590 F.3d 381, 389 (6th Cir. 2009), quoting *Rodriguez v. Tenn. Laborers health & Welfare*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). "Generally, a manifest injustice or a clear error of law requires unique circumstances[.]" *McWhorter v. ELSEA*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006)(refusing to grant motion for reconsideration that merely attempts to relitigate issues already presented).

Respondent does not refer to an intervening change of law or new evidence and the Court is not persuaded that clear error or manifest injustice warrants the relief sought by Respondent.

Referring to *Parker v. Matthews*, 567 U.S. – ,132 S.Ct. 2148

3

(2012),[2] Respondent argues that this Court failed to accord to the state courts' decisions the deference required by 28 U.S.C. § 2254(d), (e) and impermissibly relied on lower court precedent – rather than on Supreme Court authority – in evaluating the reasonableness of the Ohio courts' decisions.  Respondent complains that the Court impermissibly relied on *Lafler v. Cooper,* – U.S. –, 132 S.Ct. 1376 (2012),  and *Missouri v. Frye*, – U.S. –, 132 S.Ct. 1399 (2012), in violation of *Greene v. Fisher*, – U.S. –, 132 S.Ct. 38 (2011),[3] contends that *Hill v. Lockhart,* 474 U.S. 52 (1985)*,* is inapplicable to this case and that *Lafler* does not compel an evidentiary hearing.  Addressing this Court's conclusion that a hearing should have been held by the state courts to assess Petitioner's credibility, Respondent now argues that the trial judge who presided over Petitioner's jury trial had the opportunity to assess Petitioner's credibility and that there was therefore no need to conduct another hearing to assess the credibility of Petitioner's allegation that his attorney failed to properly advise him regarding the decision to proceed to trial and sentencing ramifications.  Respondent also argues that the United States Supreme Court has never held that an evidentiary hearing is required under

---

[2] In *Parker v. Matthews*, the United States Supreme Court reversed the grant of habeas corpus relief by the United States Court of Appeals for the Sixth Circuit on a claim of prosecutorial misconduct in contravention of the standard articulated in *Darden v. Wainwright*, 477 U.S. 168 (1986).  According to the Supreme Court, because the *Darden* standard is very general, courts have more leeway in reaching outcomes on a case-by-case basis.  *Id*. at 2155.  The Court also held that the Sixth Circuit erred by relying on its own precedent rather than on that of the Supreme Court in assessing the reasonableness of the Kentucky courts' decisions.  *Id*.

[3] In *Greene v. Fisher*, 132 S.Ct. at 38, the United States Supreme Court held that federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court adjudicating the claim, and must take into account only the decisions of the United States Supreme Court at the time the state court rendered its decision.  *Id*. at 44 (citations omitted).

4

facts such as those presented in this case.  Furthermore, Respondent argues that, in concluding that an evidentiary hearing is warranted, this Court improperly referred to or relied on cases involving 28 U.S.C. § 2255, under which the standard for granting an evidentiary hearing is less stringent than that applicable to cases under 28 U.S.C. § 2254.  Respondent again argues that, in considering Petitioner's claim of ineffective assistance of counsel, this Court should consider no evidence beyond the trial record and, in particular, should not entertain evidence from an attorney expert.  Finally, Respondent complains that, in concluding that an evidentiary hearing is warranted, this Court misconstrued or mischaracterized the plea offers extended by the State.

Respondent generally raises arguments have already been addressed or could have been raised previously; those arguments will therefore not again be considered here.

Neither *Greene v. Fisher*, 132 S.Ct. at 38, nor *Parker v. Matthews*, 132 S.Ct. at 2148, set forth any intervening change in law that alters either the arguments of the parties or the analysis of the relevant issues by this Court.  Moreover, this Court need not rely on the recent decisions of the Supreme Court in *Lafler* and *Frye* in order to reach the conclusion that an evidentiary hearing is warranted.  As discussed in the *Report and Recommendation*, an evidentiary hearing is warranted by consideration of *Hill v. Lockhart*, 474 U.S. at 52, and *Strickland v. Washington*, 466 U.S. 668 (1984).  As this and other courts have concluded, the language of the Supreme Court in both *Frye* and *Lafler* "repeatedly and clearly" indicates that the Supreme Court in those cases was applying an established rule that the state courts

had misapplied. *See Hare v. United States*, – F.3d –, 2012 WL 3156329, at *1 (7th Cir. Aug. 6, 2012)("Both *Hill* and *Frye* apply *Strickland*'s inquiry into whether 'the result of the proceeding would have been different' to a reasonable probability.")(quoting *Frye,* 132 S.Ct. at 1410); *In re Perez*, 682 F.3d 930 (11th Cir. 2012)("[T]he language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context")). "[T]he Supreme Court has long recognized that *Strickland's* two-part test applies to 'ineffective assistance of counsel claims arising out of the plea process.'" *Id.* at 932 (quoting *Hill v. Lockhart*, 474 U.S. at 57).[4] Finally and as reflected in the *Report and Recommendation*, this Court is cognizant that first plea offer extended by the State contemplated a sentence of four years incarceration and an order of restitution and that, subsequently, the

---

[4] In *Hill v. Lockhart,* 474 U.S. at 52, the Supreme Court considered the issue of ineffective assistance of counsel in connection with a criminal defendant's decision to plead guilty rather than proceed to trial:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 58-59 (footnote omitted). The Supreme Court found it unnecessary to determine whether counsel's erroneous advice regarding parole eligibility in *Hill* constituted constitutionally ineffective assistance because the petitioner in that case failed to allege that he would not have pleaded guilty but would have insisted on proceeding to trial had he been properly advised regarding parole. Such are not the circumstances here. Petitioner specifically alleges that, had he been properly advised by his attorney he would not have proceeded to trial, but would have entered a guilty plea.

State offered an agreement by which Petitioner would plead guilty to two counts for each victim in exchange for an order of restitution and a sentence to be determined by the trial judge.  These facts do nothing to alter this Court's conclusions that, assuming the truth of his allegations, Petitioner has set forth a potentially meritorious claim for relief under *Hill v. Lockhart*, 474 U.S. at 52, and that an evidentiary hearing is required to resolve the factual disputes reflected in the record. [5]

**WHEREUPON R**espondent's *Motion for Relief from Judgment*, Doc. No. 46, is **DENIED.**

Respondent's unopposed *Motion to Continue the Deadline for Exchange of Witnesses and Documents*, Doc. 58, is **GRANTED.**  The parties shall exchange witness lists and identify documents to be used at the evidentiary hearing within fourteen (14) days of the date of this *Opinion and Order*.

       /s/ Gregory L. Frost 
       GREGORY L. FROST
       United States District Judge

---

[5] As noted *supra*, the Court will not address Respondent's remaining arguments, such as the challenge to the Court's consideration of new evidence at the evidentiary hearing, which either were or could have been raised in connection with the objections to the *Report and Recommendation*.