IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL FANARO,

    Petitioner,

  v.

FRANCISCO PINEDA, WARDEN,

    Respondent.

Case No. 2:10-cv-1002
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

### ORDER

On November 22, 2013, following an evidentiary hearing, the Magistrate Judge recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed. (ECF No. 94.) Petitioner has filed objections to that recommendation. (ECF No. 99.) Respondent has filed a reply memorandum. (ECF No. 103.) For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** and **AFFIRMS** the Report and Recommendation, and **DISMISSES** this action.

This case involves Petitioner's conviction after a jury trial in the Licking County Court of Common Pleas on 99 counts of a 134-count indictment involving the sale of alleged securities.[1] The trial court imposed an aggregate term of 19 years imprisonment. After an evidentiary hearing on Petitioner's claim that he was denied effective assistance of counsel because his attorney failed to counsel him on the advisability of proceeding to trial and the potential

---

[1] The indictment charged the sale of unregistered securities, the sale of securities without a license, fraudulent practices in the sale of securities, false representations in the sale of securities, receipt of stolen property, and engaging in a pattern of corrupt activity. The State moved to dismiss eight counts shortly before trial and the jury could not reach a unanimous verdict on the charges of receipt of stolen property. *See Exhibits 6, 7* to *Return of Writ*.

1

sentencing ramifications of doing so, the Magistrate Judge recommended that this claim be denied.[2] Petitioner objects to that recommendation.

Petitioner claims that, had his trial attorney properly advised him of the strength of the State's case against him and of the potential sentence that he faced upon conviction after trial, he would not have proceeded to trial but would have entered a guilty plea pursuant to either of two offers made by the State. Petitioner argues that he would have considered a guilty plea, but for his attorney's misunderstanding of the applicable law requiring a license to sell even an exempt security, his attorney's unreasonable advice regarding his chance of acquittal at trial, and his attorney's failure to advise Petitioner that he faced a maximum potential sentence of 678 years in prison.

Petitioner objects to the Magistrate Judge's factual finding that Petitioner refused to consider any plea offer that required the payment of restitution as contrary to the evidence; he also objects to the Magistrate Judge's credibility determinations. Finally, Petitioner objects to the Magistrate Judge's conclusion that Petitioner failed to meet the prejudice component of *Strickland v. Washington* 466 U.S. 668 (1984). Referring to another case in the Licking County Court of Common Pleas and to testimony at the evidentiary hearing, Petitioner argues that, had he pleaded guilty, the trial court would have imposed a substantially lower sentence than the 19 years actually imposed.

Having conducted a *de novo* review pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court concludes that Petitioner's objections are without merit. As discussed in detail in the Report and Recommendation, the record establishes that Petitioner was aware that he faced what was in essence a life sentence should he be convicted at trial. Nothing

---

[2] The Magistrate Judge also recommended the dismissal of claims four through six, a recommendation to which Petitioner does not object.

in the record suggests that Petitioner would have obtained a substantially reduced sentence had he entered a guilty plea.  Like the Magistrate Judge, this Court is not persuaded that the initial discussions between defense counsel and the assistant Licking County prosecutor—*i.e.,* a plea of guilty to unspecified charges in exchange for a sentence of four years' imprisonment—constituted a formal plea offer.  Nor is the Court persuaded that the trial judge would have agreed to a minimum concurrent sentence.  Moreover, the terms of a plea offer later made by the special prosecutor would have required Petitioner to admit his guilt to numerous fraud charges and would have exposed Petitioner to a possible sentence of even greater length. *See, e.g., Evidentiary Hearing Transcript*, Vol. I, ECF No. 85, at Page ID # 4557-58, 4629.  Particularly is this so in light of the fact that the prosecution was "pushing for maximum jail-time." *Id*. at Page ID # 4628.  In short, this Court agrees with the Magistrate Judge's conclusion that Petitioner did not establish prejudice.  The Court also agrees with the credibility determinations made by the Magistrate Judge and finds no reason to reject those findings.

    For all of these reasons, and for the reasons already well detailed in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Petitioner's Objections (ECF No. 99), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 94), and **DISMISSES** this action.  The Clerk shall enter **FINAL JUDGMENT** in favor of Respondent.

    **IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE